UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROD BLAGOJEVICH,
ERIC GRIFFIN,

      Plaintiff,

vs.

BARACK OBAMA, *et al.*,

      Defendants.

2:10-cv-01171-PMP-LRL

**ORDER**

This is a prisoner civil rights action. Plaintiff has failed to submit an application to proceed *in forma pauperis* on the required form. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. Instead, plaintiff has filed a document styled "motion for *in forma pauperis*" (docket #1). As set forth below, even in the absence of an application to proceed *in forma pauperis*, the court must dismiss the complaint with prejudice as factually frivolous. The court now reviews the complaint, as well as a motion for appointment of counsel.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #2). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800

1  (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

2  A finding of such exceptional circumstances requires that the court evaluate both the likelihood
3  of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the
4  complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together
5  in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789
6  F.2d at 1331). The district court has considerable discretion in making these findings. The court will
7  not enter an order directing the appointment of counsel. As discussed below, plaintiff's complaint must
8  be dismissed with prejudice as factually frivolous. Plaintiff's motion for the appointment of counsel is
9  denied.

10 **II. Screening Standard**

11  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's
12  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state
13  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune
14  from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis
15  either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss
16  a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
17  contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim,
18  however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
19  639, 640 (9th Cir. 1989).

20  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings
21  drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21
22  (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All
23  or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims
24  lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are
25  untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal
26  interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic

or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Instant Complaint

Plaintiff, who is detained at the North Las Vegas Detention Center ("NLVDC"), has sued United States President Barack Obama and the United States Department of Justice. While only Eric Griffin has signed the complaint, he has listed "Rod Blagojevich" as an additional plaintiff. Plaintiff's complaint is difficult to decipher, alleging the following:

> In June 2010 Barrack [sic] Obama used unknown agents to block a legal motion addressed to the Ninth Circuit Court of Appeals, RE: The Grand Jury in the Rod Blogojevich. Which would have given that Grand Jury more evidence of corruption by Obama and other officials in the Dept of Justice that was taking place while holding the Senate seat and right now in the Eric Griffin vs The Dept Of Justice case. Which is why Defendant has filed this motion, so the Grand Jury would investigate this misconduct by the Defendants taking place at this very moment, and to make sure all the criminal investigation stays on Plaintiff Rod Blagojevich, and nothing gets leaked back to Obama, this is obstruction and witness tampering by Defendants and has, and is still depriving both plaintiffs the right to a fair trial . . . .

The court notes plaintiff's lengthy history as a litigant before this court. Court records indicate that plaintiff has filed at least twenty-five actions in this court, prior and subsequent to his detention. (*See, e.g., Griffin, et al. v. Steward, et al.*, 2:06-cv-00122-KJD-RJJ; *Griffin et al. v. Dept. of Defence [sic] et al.*, 2:07-cv-01266-RLH-RJJ; *People of Iran et al. v. United States Department of Justice, et al.*, 2:10-cv-00087-RCJ-PAL; *People of China et al. v. United States Department of Justice, et al.*, 2:10-cv-00091-JCM-PAL). Numerous complaints filed by plaintiff have been dismissed with prejudice for

1 setting forth fantastic and delusional claims that lack any tenable legal theory. (*See, e.g., Griffin v. Bush*, 2:07-cv-00617-RCJ-GWF (dismissing with prejudice "based on an indisputably meritless legal theory and frivolity" complaint that included allegations that President George W. Bush was involved in injecting plaintiff's brain with chemicals used to place subliminal and hypnotic messages into his brain causing torture and mind control) (docket #s 3, 7); *Griffin v. White House, et al.*, 2:08-cv-00303-RCJ-GWF (dismissing with prejudice "based on an indisputably meritless legal theory and frivolity" complaint that included allegations that plaintiff was being held hostage by "voice to skull/mkultra" an alleged biological weapon and that Dick Cheney "violated" him by not "informing Senator Reid's office to aid plaintiff by removing the banned biological weapon") (docket #s 2, 4); *Griffin v. Leavitt et al.*, 2:09-cv-00845-PMP-GWF (dismissing with prejudice as "fantastic, delusional, and irrational" complaint that alleged torture by "Voice-to-Skull technology") (docket #s 5, 11); *Griffin et al. v. Pro*, 2:09-cv-01126-RCJ-GWF (noting that plaintiff has filed numerous lawsuits with this court alleging that he is being tortured by technological devices or chemicals that allow the government to eavesdrop on plaintiff, and dismissing with prejudice as "fantastic, delusional and irrational" complaint that included allegations that the court has covered up a "RICO Act crime" that resulted in several deaths and the ongoing assault of plaintiff) (docket #s 5, 8)).

Here, lack of an application to proceed *in forma pauperis* notwithstanding, the court finds that plaintiff's allegations are fantastic, delusional and irrational. This complaint must be dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

/ / /

/ / /

4

**IT IS FURTHER ORDERED** that plaintiff's motion for *in forma pauperis* (docket #1) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: August 5, 2010.

_____
PHILIP M. PRO
United States District Judge